ALFRED M. GAMMAN, RESPONDENT, v. DEXTER BERRY, APPELLANT.

*Contempt — an order requiring a person to show cause why he should not be punished, made by a county judge whose term expires before the return day, may be heard before his successor — Code of Civil Procedure, secs. 52, 2457, 2462.*

APPEAL from an order made by the Hon. HARLO HAKES, county judge of Steuben county, adjudging the defendant guilty of contempt, in not appearing before a referee, pursuant to an order of the Hon. GEORGE H. McMASTER, county judge, made in proceedings supplementary to execution.

GEORGE H. McMASTER, as county judge, made an order for the defendant to show cause why he should not be punished for his alleged misconduct, returnable before the county judge at the next term of the Steuben County Court, in the village of Corning, February 18, 1884. After making the order and before the return day McMASTER's term of office expired, and HAKES became his successor.

The court at General Term said: "It is contended in the first place that Judge HAKES had no jurisdiction to entertain and continue the proceedings to punish for contempt upon the order to show cause issued by Judge McMASTER.

"Section 52 of the Code provides: 'In case of the death, sickness, resignation, removal from office, absence from the county, or other disability of an officer before whom a special proceeding has been instituted, where no express provision is made by law for the

continuance thereof, it may be continued before the officer's successor or any other officer residing in the same county before whom it might have been originally instituted,' etc.

"Section 2457 of the Code provides for the punishment of a person who neglects to attend before the judge or referee, pursuant to an order in supplementary proceedings, and section 2462 provides that section 52, above quoted, 'applies to the special proceedings instituted as prescribed in this article.'

"It appears to us that these provisions of the Code are ample to authorize the continuance of the proceedings commenced before Judge McMASTER by his successor in office, Judge HAKES."

*Charles D. Baker*, for the appellant.

*L. W. Wellington*, for the respondent.

Opinion by HAIGHT, J.; BRADLEY, J., concurred; SMITH, P. J., and BARKER, J., not present.

Order affirmed, with ten dollars costs and disbursements